23 C.C.P.A.(Patents)

## In re CURTIS.

### Patent Appeal No. 3587.

Court of Customs and Patent Appeals.

Feb. 3, 1936.

Joseph G. Denny, Jr., of Philadelphia, Pa. (Stephen H. Philbin, of New York City, of counsel), for appellant.

R. E. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting all of the claims of appellant's application upon various grounds, which grounds will be hereinafter stated and discussed.

Twelve claims are involved, numbered from 37 to 48, inclusive. Claims 37, 38, 39, 42, 43, 44, 45, and 48 are product claims, and claims 40, 41, 46, and 47 are method claims.

Claims 37, 40, and 46 are illustrative of the claims in issue and read as follows:

"37. A pile fabric having a nodulated back and comprising a loosely woven backing, pile threads woven through said backing and forming a pile face on one side of said backing and forming bights on the other side of said backing producing a nodulated surface, and a bed of normally insoluble pliable adherent substance in said backing and binding together said backing and pile, the tips of said pile bights protruding from said bed and the protuberance of such tips giving a textile feel to the back of the fabric which is not obliterated by said substance."

"40. In the manufacture of pile fabrics, the steps which consist in simultaneously fabricating a backing and pile loops having bights forming a nodulated surface on said backing, then permeating said backing with an adherent substance, and solidifying said substance into a pliable bed in said backing which does not obliterate the tips of said pile bights, such tips projecting from said bed to form a nodulated surface."

"46. (Based on former claim 22.) In the manufacture of pile fabric, the steps which consist in loosely weaving a backing of ground warp yarns and weft yarns and looping pile tufts over each of said wefts during the weaving of said backing, permeating said backing with a flexible adherent material to secure said pile tufts and said ground warp yarns and weft yarns relatively to one another, solidifying said adherent material by heat, and dyeing the fabric after solidification of said material."

The references cited are: Hill, 28,484, May 29, 1860; Bartlett, 1,271,005, July 2, 1918; Johnson (British), 2,808, November 8, 1861; Mendess (British), 12,128, of 1912.

As indicated by the above-quoted claims, appellant's application relates to pile fabrics and method of making the same, and the

alleged invention is described in the brief of appellant as follows:

"The invention relates to warp pile fabrics which, as set out in the original description, are woven so loosely that they 'would ordinarily be unsuited for use because of the shedding of pile fibres from the backing and the lack of firmness or body of the latter' (Rec. p. 4). 'As illustrated diagrammatically in Figs. 1 and 2, the double pile fabric 1 has its backings woven respectively from the warps 1, 2 and wefts 3 and from warps 4, 5 and wefts 6 and connected by pile warps 7 and 8 looped over the weft threads 3 and 6. * * * In order to decrease the number of weft threads and increase the output, the weft threads may be beaten up quite loosely so that the wefts are relatively widely spaced and the pile warps are but loosely bound by the engagement of the threads. The pile warps are, however, firmly fixed to the backing fabrics by an adherent composition applied to the weft threads during weaving or to the backing fabrics after weaving, and which permeates the backings so that when the composition solidifies it forms a flexible tenacious sheet or coating 9 securely embedding the looped pile threads, uniting them to the base fabrics and permitting them to be cut apart by a cutter 10, handled and dyed without shedding fibres' (Rec. pp. 5, 6). * * *

"Applicant's primary departure from the teaching of the prior art was in the conception of weaving pile fabrics with backing threads interlaced so loosely that the fabrics would be unfit for dyeing and finishing or any pile fabric use, and of anchoring the pile tufts and reenforcing the backing by means of a binder layer.

"But supplementary and complementary to this broad concept, and of greater commercial importance, was the concept that the looseness of the weave of the backing (as distinguished from the mere use of a loose or V-pile) permitted the anchoring substance to permeate into the interstices of the fabric and leave the tips or ends of the pile bights projecting from the back beyond the surface of the bed of impregnating substance. This eliminates the flat continuity of surface formed by coatings of the prior art, binds the backing threads and pile legs together at points within the backing, permits pleating and folding as in purely textile fabrics, and retains the textile feel and handle of the back of the fabric by avoiding the obliteration of the projecting pile bights which give the pimply or nodulous appearance and feel to the surfaces of V-pile textiles."

With respect to what is stated in the above quotation as a supplementary concept, while four of the drawings of appellant's original application show the ends of the pile bights extending below the surface of the impregnating substance, the fifth drawing did not show this feature. However, this drawing and the written description of the same were canceled by appellant before the final rejection of the claims before us.

During the prosecution of the cause in the Patent Office, and before final rejection of the claims by the Examiner, appellant sought to amend his written description by certain amendments, of which the following is illustrative: "Page 4, line 14, after "fabric" insert—such substance forming a bed lying principally within the thickness of the fabric as measured from its cut face to the tips of the pile bights; line 21, change 'coating' to—layer or bed; line 23, after 'backing' insert—and leave the tips of the pile bights projecting to form a rough or nodulated back."

These amendments were denied by the Examiner as constituting new matter, and this action was affirmed by the Board of Appeals.

Claims 37 to 41, inclusive, were rejected by the Examiner as involving new matter and a change of concept, such alleged new matter being in the particulars covered by the proposed amendments. These claims were also rejected over the counts of issue of Interference No. 58,408, which involved appellant's application here in issue, in view of the patents to Hill, Bartlett, and Mendess, the Examiner stating that the decision in said interference was adverse to appellant; said claims were further rejected as being unpatentable over the patent to Bartlett in view of the patents to Mendess and Hill.

The board affirmed the decision of the Examiner upon all of the grounds of rejection assigned by him.

We will first consider the rejection of claims 37 to 41, inclusive, upon the ground that they involved new matter.

We are unable to concur in this ground of rejection. The drawings 1 to 4, as originally filed, clearly show the tips of the pile bights protruding from the bed of the pliable adherent substance, and we do not think that this disclosure is inconsistent with the written description of appellant's

invention. It is true that the Examiner quoted one portion of the written description in appellant's application that may seem to be inconsistent with the above named feature of appellant's drawings 1 to 4. That quotation is as follows: "The agglutinant composition may be applied in any suitable way which will leave the tips of the piles free, as for instance, by impregnating the backing by immersion or in contact with an agglutinant after the fabric is woven. * * *"

The Examiner, however, failed to quote the balance of the sentence, reading as follows: "* * * or by coating the weft threads with a rapidly solidifying viscous agglutinant as they leave the shuttles."

Appellant contends that the last above quoted language clearly implies that the flexible, tenacious sheet or bed must be formed within, and not on the back of, the fabric, leaving the ends of the bights projecting beyond said sheet to form a nodulated surface in complete conformity with drawings 1 to 4 of the application.

We are in agreement with this contention of appellant; at any rate we find no inconsistency between said drawings and the written description in the application.

Rule 68 of the Rules of Practice of the Patent Office provide that an applicant has a right to amend before or after the first rejection or action, and rule 70 reads as follows: "70. In original applications all amendments of the drawings or specifications, and all additions thereto, must conform to at least one of them as it was at the time of the filing of the application. Matter not found in either, involving a departure from the original invention, can not be added to the application even though supported by a supplemental oath, and can be shown or claimed only in a separate application."

It is clear to us that, inasmuch as the drawings clearly disclose the matters sought to be described by the proposed amendments, and inasmuch as such amendments in our opinion did not involve a change of concept of the invention as disclosed in the written description, said proposed amendments should have been allowed, and it was error to exclude them.

In appellant's appeal to the board, he specifically assigned error in excluding said amendments, and in the reasons of appeal here there is included specifically as error the failure of the board to "over-rule the refusal of the examiner to enter appellant's proposed amendments."

We therefore hold that the amendments hereinbefore referred to should have been admitted, and they will be considered by us as a part of appellant's application. In accordance with the foregoing, we further hold that the Board of Appeals erred in affirming the rejection by the examiner of claims 37 to 41, inclusive, upon the ground that they involve new matter.

Said last-named claims, together with claims 42 to 48, inclusive, were further rejected by both tribunals of the Patent Office as being unpatentable over the counts of issue of Interference No. 58,408, in view of the patents to Hill, Bartlett, and Mendess. This was an interference between the application now before us and an application of one Crabtree. Two counts were involved, which read as follows:

"1. A pile fabric having a loosely woven backing, warp pile threads having their bases looped through said backing and their projecting ends cut, said backing being too loosely woven to alone firmly hold said warp threads for use, and a flexible adherent material securing the bases of said warp threads to said backing.

"2. The method of making pile fabric which comprises weaving a loose textile backing with pile warps having cut projecting ends and so loosely enmeshed therein as to be normally moveable relatively thereto and unsuitable for use and impregnating said fabric and the base of said pile with an adherent composition."

The appellant here moved to dissolve the interference upon the ground that the party Crabtree had no right to make the claims corresponding to said counts. This motion was denied by the Examiner of Interferences and priority of invention upon both counts was awarded to the party Crabtree. Curtis, the appellant here, appealed to the Board of Appeals, again raising the question of the right of the party Crabtree to make the claims corresponding to the counts. The board reversed the Examiner of Interferences and held that the party Crabtree could not make the claims corresponding to the counts, but at the same time recommended that the interference be dissolved upon the ground that the counts were unpatentable to either party in view of patents to Hill, Goodall, Bartlett, and Johnson. Three of these patents are cited

in the ex parte case before us, but the Goodall patent is not.

Thereafter, upon said recommendation, the Commissioner dissolved the interference. Subsequently, the claims in appellant's application corresponding to said counts were rejected in ex parte action by the Examiner; appellant took no appeal to the board from such rejection, but apparently canceled said claims and introduced into the application new claims which are now before us.

It will be observed that neither of the counts of the interference hereinbefore quoted contains the element of the tips of the pile bights protruding from the bed of a pliable adherent substance, and in our opinion none of the references disclose or suggest this element which is found in claims 37 to 41, inclusive.

The solicitor for the Patent Office does not urge that the counts of said interference should be regarded as prior art, but states that they are a "convenient standard of comparison from which to note the difference in any other claims presented, to see if the difference is sufficient to impart patentability."

Appellant strenuously insists that the counts of said interference are irrelevant to the issues here involved in that the Board of Appeals found in his favor on the motion to dissolve the interference upon the ground that the party Crabtree had no right to make the claims corresponding to the counts, and hence the usual rule in interference proceedings with respect to claims made by the losing party has no application.

The solicitor for the Patent Office, on the other hand, contends that the decision of the Board of Appeals was adverse to the appellant in that the board, upon its own motion, found that the counts were unpatentable, and for that reason no award of priority was made to appellant, but the interference was dissolved. For that reason the solicitor contends that the usual rule with respect to claims made by a losing party is applicable to the extent that there must be a patentable distinction between the new claims before us and the counts of the interference.

We do not find it necessary to pass upon these respective contentions for the reason that we find a patentable distinction between claims 37 to 41, inclusive, on the one hand, and the counts of the interference upon the other. This distinction resides in the element of the tips of the pile bights protruding from the bed of a pliable adherent substance, which element we find is also embraced in claims 43, 44, and 45. As already stated, this element is not disclosed or suggested in the references, and these eight claims should therefore be allowed.

With respect to claims 42, 46, 47, and 48, while we find no patentable distinction between said claims and the counts of the interference, in view of the cited references, we think that the cited references alone show that said claims are unpatentable, regardless of the counts of the interference; therefore, we do not find it necessary to decide whether or not said counts may properly be considered with respect to the patentability of said claims. One of the grounds of rejection of these claims by the Examiner was upon the patent to Bartlett alone, and inasmuch as there was a general affirmance of the decision of the Examiner by the Board of Appeals, this ground of rejection is properly before us. In re Wagenhorst, 64 F.(2d) 780, 20 C.C.P. A. (Patents) 991.

The patent to Bartlett was considered by us in the case of In re Crabtree, 74 F.(2d) 998, 1000, 22 C.C.P.A. (Patents) 910, and was there described as follows: "The patent to Bartlett shows a floor covering wherein a textile fabric is partially embedded in and surfaced upon one side with a flexible waterproof material. The drawing with the application shows the web to be made with the ordinary number of warp and weft threads and the pile threads are of the V-type surrounding one weft thread. The patentee states: 'While I have shown the fabric to be a cut pile texture, I in no sense wish to be limited to this form of fabric as I contemplate the use of fabric with loosely woven woof or weft strands as well as fabrics having a nap.' The flexible covering on the back of the fabric is shown to enter the interstices of the fabric, partially embedding the pile, and with an undulated surface on the lower or back side of such covering so that the article will not slide easily on a smooth surface, and for other useful purposes."

The Examiner stated, with respect to this ground of rejection, as follows: "* * Bartlett shows a pile fabric of the nature of that set forth in the claims, having a coating which differs from that being claimed only in the matter of thickness. It is not thought that mere variation of the thickness of the coating imparts any

patentability to the structure; not does any change in the looseness or tightness of the weaving. It would be well within the scope of the fabric designer to effect such variations, and no unobvious result would be secured by effecting them. The resulting fabric, if woven loosely and given only a thin coating, would fully meet the claims."

We are in accord with these views of the Examiner and find no error in the decision of the board rejecting said claims 42, 46, 47, and 48.

For the reasons stated herein, the decision of the Board of Appeals is modified, being reversed as to claims 37 to 41, inclusive, 43, 44, and 45, and affirmed as to claims 42, 46, 47, and 48.